UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN PETERS,

    Plaintiff,

v.                                                 Case No: 8:22-cv-2797-KKM-AAS

EQUIFAX INFORMATION SERVICES,
LLC,

    Defendant.
_____

## ORDER

John Peters sued Equifax Information Services, LLC, in Florida state court under the Fair Credit Reporting Act (FCRA). *See* 15 U.S.C. § 1681g(a)(1). After Equifax removed this action, the parties were ordered to show cause why the action should not be remanded for lack of Article III standing. (Doc. 6.) Neither party responded to the Court's order. Because Peters fails to allege an injury in fact, this action is remanded for lack of subject matter jurisdiction.

A "bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *see also Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1243 (11th Cir. 2022). "In particular, a plaintiff does not 'automatically satisf[y] the

injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020) (quoting *Spokeo*, 578 U.S. at 341) (alteration in original).

To evaluate concreteness of an intangible injury from a statutory violation, the Supreme Court has instructed courts to look at "history and the judgment of Congress." *Spokeo*, 578 U.S. at 340. Regarding the latter, "Congress is well positioned to identify intangible harms that meet minimum Article III requirements," *Spokeo*, 578 U.S. at 341, but Congress may not "creat[e] new injuries out of whole cloth," *Hunstein*, 48 F.4th at 1243. Thus, courts should not end their analysis there. For the history prong, courts "look to see if it matches up with a harm 'traditionally recognized as providing a basis for lawsuits in American courts.'" *Id.* at 1242 (quoting *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2204 (2021)). Traditionally, courts recognized "reputational harm" as a cognizable injury. *Hunstein*, 48 F.4th at 1244. "[F]alse" or "misleading" credit reports "can lead to [a cognizable] reputational harm if publicized." *Id.* But "no reputational harm at all occurs when [false or misleading] information is kept private." *Id.*

Peters alleges that a copy of his consumer credit disclosure that he requested from Equifax contained incomplete, unclear, and inaccurate information. (Doc. 1-1 ¶¶ 10–67.) That inaccurate information allegedly caused Peters frustration and emotional distress. (*Id.*

2

¶ 40.) Although Peters alleges that Equifax provides "the full account numbers and name[s] of the original creditors" "[w]hen Equifax produces and sells reports regarding Mr. Peters," (*id.* ¶ 24), Peters never alleges that Equifax published the inaccurate credit disclosure to a third party. Instead, Peters alleges only that he personally viewed the inaccurate disclosure. That alone is not a concrete harm giving rise to an injury in fact.

"When a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's only option is to remand back to state court." *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022). Accordingly, this action is **REMANDED** to the Circuit Court for Polk County, Florida, and the clerk must **TRANSMIT** a certified copy of this order to the clerk of that court; **TERMINATE** any pending motions and deadlines; and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 29, 2022.

Kathryn Kimball Mizelle
United States District Judge

3